**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SENTINEL INSURANCE COMPANY, LIMITED** | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | No. |
| **TERRA ENGINEERING, LTD., PARK DISTRICT OF OAK PARK,** an Illinois municipal corporation**,** and **KELLY SIMOS,** | ) ) ) ) ) | |
| *Defendants.* | ) ) | |

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiff, **SENTINEL INSURANCE COMPANY, LIMITED** ("**Plaintiff**" or "**Sentinel**"), by and through its attorneys, Michael J. Duffy and Joanna C. Kocol of Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Complaint for Declaratory Judgment against Defendants:

**STATEMENT OF CASE**

This action seeks a declaration that Sentinel owes no insurance coverage obligations under Sentinel policy number 20 SBW UH2827 to TERRA ENGINEERING, LTD. ("**TERRA**") and/or the PARK DISTRICT OF OAK PARK ("**PARK DISTRICT**") for claims made against them in the underlying lawsuit filed by underlying plaintiff Kelly Simos ("**Simos**" or "**Underlying Plaintiff**") in the Circuit Court of Cook County, Illinois, County Department, Law Division styled *Kelly Simos versus Park District of Oak Park; Innovation Landscape Inc Terra Engineering Ltd, Peerless Enterprises LLC fka Peerless Enterprises Inc.,* Case No. 2024 L 009183

1

("**Underlying Lawsuit**") and for claims made against TERRA in the underlying declaratory judgment action filed by defendant PARK DISTRICT in the Circuit Court of Cook County, Illinois, County Department, Chancery Division styled *Park District of Oak Park v. Terra Engineering Ltd. and Kelly Simos*, Case No. 2025 CH 08302 ("**Underlying DJ Action**").

## THE PARTIES

1.      Sentinel is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

2.      Defendant PARK DISTRICT is an Illinois municipal corporation with its principal place of business in Oak Park, Illinois.

3.      Defendant TERRA is an Illinois corporation with its principal place of business in Chicago, Illinois.

4.      Defendant Simos is named herein as a nominal interested party defendant. Defendant Simos is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business or reside within this District, and because this case involves coverage under an insurance policy issued in this District and/or liability insurance claims for a lawsuit pending within the geographical boundaries of this District arising from events that allegedly took place within the geographical boundaries of this District.

## FACTS

***Underlying Lawsuit***

7.     On August 19, 2024, Underlying Plaintiff filed her Complaint at Law in the Underlying Lawsuit naming only the PARK DISTRICT as a defendant ("**First Complaint**").

8.     On September 30, 2024, the PARK DISTRICT sent a tender of defense letter to TERRA with the First Complaint attached.

9.     A true and accurate copy of the September 30, 2024, letter from the PARK DISTRICT to TERRA is attached hereto as **Exhibit A.**

10.    On February 19, 2025, TERRA was served with the First Amended Complaint in the Underlying Lawsuit.

11.    A true and accurate copy of the Proof of Service for TERRA evidencing service of the Underlying Lawsuit on February 19, 2025, is attached hereto as **Exhibit B**.

12.    Underlying Plaintiff filed her Third Amended Complaint at Law in the Underlying Lawsuit on October 28, 2025 ("**Third Amended Complaint**").

13.    A true and accurate copy of the Third Amended Complaint in the Underlying Lawsuit is attached hereto as **Exhibit C**.

14.    In the Third Amended Complaint, Underlying Plaintiff alleges that on January 21, 2024, while sledding down a sled hill at Barrie Park, she was caused to collide with a fence at the bottom of the sled hill. (Ex. C, Count I, ¶ 31).

15.    Underlying Plaintiff alleges that Barrie Park included a dedicated Sled Hill, which had a chain link fence bordering the sides of the sledding hill (hereinafter the "**Premises**"). The Premises was specifically identified by signage as a "**Sled Hill**." (Ex. C, Count I, ¶ 4, ¶ 6).

16.     Underlying Plaintiff further alleges that the chain-link fence on the east side of the Sled Hill at Barrie Park (hereinafter "**Fence**") curved westward, into the area at the bottom of the Sled Hill. (Ex. C, Count I, ¶ 9).

17.     Underlying Plaintiff alleges that PARK DISTRICT owned, operated, managed, and controlled the Premises, which includes Barrie Park. (Ex. C, Count I, ¶ 5).

18.     Underlying Plaintiff alleges that the PARK DISTRICT acted willfully and wantonly and in conscious disregard for the safety of sledders using the Sled Hill at Barrie Park, including Plaintiff KELLY SIMOS, in part by "[f]ailing to change the design and/or composition of the Fence, after obtaining knowledge of sledders regularly colliding with the Fence" and "[f]ailing to lessen to the grade of the Sled Hill after obtaining knowledge that a sledder was seriously injured in the Winter of 2022 when she collided with the Fence…" (Ex. C, Count I, ¶ 42).

19.     Underlying Plaintiff alleges that on June 17, 2022, and at all times relevant, Defendant PARK DISTRICT entered into a contract with Defendant TERRA for landscape architecture and engineering services at Barrie Park ("**Agreement**"). (Ex. C, Count III, ¶ 12).

20.     A true and accurate copy of the Agreement titled "Contract between the Park District of Oak Park and Terra Engineering, Ltd. For Professional Landscape Architecture and Engineering Services at Barrie Park" is attached hereto as **Exhibit D**.

21.     Per the June 17, 2022, Agreement, TERRA inspected Barrie Park and prepared design and schematic drawings for improvements to the property. (Ex. C, Count III, ¶ 13).

22.     Per the June 17, 2022, Agreement, TERRA also inspected and prepared design plans for the Barrie Park Sled Hill and the Fence on the east side of the Sled Hill and oversaw the construction and installation of the Fence. (Ex. C, Count III, ¶¶ 14-15).

23.     Underlying Plaintiff alleges that prior to January 21, 2024, the Fence designed by TERRA curved westward, into the area at the bottom of the Sled Hill, thereby creating a dangerous condition on the Premises that presented an unreasonable risk of serious bodily harm to sledders using the Sled Hill because of its composition, location and proximity to the bottom of the Sled Hill and the likelihood that sledders using the Sled Hill would collide with it. (Ex. C, Count III, ¶ 18).

24.     Underlying Plaintiff alleges that she sustained personal injuries as a result of the willful and wanton acts and/or omissions of the PARK DISTRICT. (Ex. C, Count I, ¶ 43).

25.     Underlying Plaintiff alleges that she sustained personal injuries as a result of the negligent acts and/or omissions of Defendant TERRA. (Ex. C, Count III, ¶ 38).

***Underlying Declaratory Judgment Action***

26.     On August 11, 2025, the PARK DISTRICT filed the Underlying DJ Action. (*See* Exhibit E).

27.     A true and accurate copy of the Underlying DJ Action is attached hereto as **Exhibit E**.

28.     In the Underlying DJ Action, the PARK DISTRICT alleges that in the Agreement, TERRA agreed, among other things, to provide certain general liability insurance to the PARK DISTRICT. (Ex. E, ¶ 5; *see* Ex. D).

29.     Pursuant to the Agreement, PARK DISTRICT alleges that TERRA caused to be issued a Certificate of Liability Insurance dated June 27, 2022 identifying PARK DISTRICT as an additional insured on the listed policies, including policy number 20 SBW UH2827, issued for the period of May 27, 2022 to May 27, 2023. (Ex. E, ¶ 4).

30.     The PARK DISTRICT contends that it is entitled to a defense from TERRA in connection with the Underlying Lawsuit pursuant to the Agreement in which TERRA was contractually obligated to obtain insurance, or pursuant to TERRA's contractual obligation to defend and hold the PARK DISTRICT harmless. (Ex. E, ¶ 11).

*Agreement*

31.     The Agreement states in Article 1. The Services that the "Project Completion Date" is December 31, 2023. (Ex. D, Article 1, § 1.2).

32.     The Agreement states in Article 1. The Services that the Agreement "commences on the Effective Date and terminates on the Project Completion Date except as specifically stated otherwise in [the Agreement]."

33.     The Agreement states in Article 5. Insurance that TERRA "must procure and maintain, for the duration of [the Agreement], insurance as provided in this Article 5." (Ex. D, Article 5, § 5.1).

## SENTINEL'S POLICY

34.     Sentinel Insurance Company, Limited issued a Spectrum Business insurance policy bearing policy no. 20 SBW UH2827 to the named insured TERRA for the policy period of May 27, 2023 to May 27, 2024 (the "**Policy**"), which contains both a Business Liability Coverage Part and an Umbrella Liability Coverage Part.

35.     A true and accurate copy of the Policy is attached hereto as **Exhibit F**.

*Business Liability Coverage Part*

36.     Subject to all its terms, the Business Liability Coverage Part of the Policy provides as follows:

### *BUSINESS LIABILITY COVERAGE FORM*

*\*\*\**

*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the stock insurance company member of The Hartford providing this insurance.*

***

### A. COVERAGES

#### 1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)

**Insuring Agreement**

**a.** *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.*

***

**b.** *This insurance applies:*

*(1) To "bodily injury" and "property damage" only if:*

*(a)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

***

*See* **Ex. F**, Business Liability Coverage Form, p. 59

37.     The Business Liability Coverage Part of the Policy contains the following definitions, in part:

**1.**     *"Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:*

**a.**     *(1) Radio;*
*(2) Television;*
*(3) Billboard;*
*(4) Magazine;*
*(5) Newspaper*

**b.**     *The Internet, but only that part of a web site that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or*

**c.**     *Any other publication that is given widespread public distribution.*

*However, "advertisement" does not include:*

7

      **a.**    *The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or*

      **b.**    *An interactive conversation between or among persons through a computer network.*

**2.**    *"Advertising idea" means any idea for an "advertisement".*

***

**5.**    *"Bodily injury" means physical:*

      **a.**    *Injury;*

      **b.**    *Sickness; or*

      **c.**    *Disease*

*sustained by a person and, if arising out of the above, mental anguish or death at any time.*

***

**16.**    *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

**17.**    *"Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:*

      **a.**    *False arrest, detention or imprisonment;*

      **b.**    *Malicious prosecution;*

      **c.**    *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor [as modified by SS 00 60 09 15];*

      **d.**    *Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

      **e.**    *Oral, written or electronic publication of material that violates a person's right of privacy;*

      **f.**    *Copying, in your "advertisement" a person's or organization's "advertising idea" or style of "advertisement";*

      **g.**    *Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement" [.]*

      **h.**    *[deleted by SS 00 60 09 15]*

***

**19.**    *"Products-completed operations hazard";*

8

a.  Includes all "bodily injury" and "property damage"
    occurring away from premises you own or rent and arising
    out of "your product" or "your work" except:
    (1) Products that are still in your physical
    possession; or
    (2) Work that has not yet been completed or
    abandoned. However, "your work"
    will be deemed to be completed at the earliest of the
    following times:
    (a) When all of the work called for in your contract
    has been completed.

\*\*\*

**20.**  *"Property damage"* means:

*a.*  *Physical injury to tangible property, including all resulting
    loss of use of that property. All such loss of use shall be
    deemed to occur at the time of the physical injury that caused
    it; or*

*b.*  *Loss of use of tangible property that is not physically
    injured. All such loss of use shall be deemed to occur at the
    time of the "occurrence" that caused it.*

*As used in this definition, "electronic data" is not tangible property.*

*See* **Ex. F**, Business Liability Coverage Form, p. 78-81

38.  The Business Liability Coverage Part contains the following conditions, in part, in

E. LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS:

**E.  *LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS***

\*\*\*

**2.  *Duties In The Event Of Occurrence, Offense, Claim Or Suit***

**a.  *Notice Of Occurrence Or Offense***

*You or any additional insured must see to it that we are notified as
soon as practicable of an "occurrence" or an offense which may
result in a claim.*

\*\*\*

**b.  *Notice Of Claim***

*If a claim is made or "suit" is brought against any insured, you or
any additional insured must:*

***

> 2)    *Notify us as soon as practicable.*

*See* **Ex. F**, Business Liability Coverage Form, p. 72

39.    The Business Liability Coverage Part of the Policy also contains the following exclusions for Expected or Intended Injury and Professional Services, which state, in part:

> **B.**    **EXCLUSIONS**
>     **1.**    **Applicable To Business Liability Coverage**
>         *This insurance does not apply to:*
>
>         **a.**    **Expected Or Intended Injury**
>
>             *(1)*  *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.*
>
>                 ***
>
>         **j.**    **Professional Services**
>             *"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:*
>             *[...]*
>             ***(2)***  ***Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications;***
>
>             ***(3)***  ***Supervisory, inspection, architectural or engineering activities;***

*See* **Ex. F**, Business Liability Coverage Form, pg. 61-64 (bold added for emphasis)

40.    The Business Liability Coverage Part of the Policy further contains the following exclusionary endorsement, **ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY**, which states, in part:

> **1.** *This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:*
>     a.  *Any insured; or*

> *b. Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.*

> **2.** *Professional services includes but is not limited to:*
>> *a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, recommendations, reports, surveys, field orders, change orders, designs or drawings and specifications; and*
>> *b. Supervisory, inspection, quality control, architectural or engineering activities.*

> **3.** *This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury", "property damage" or "personal and advertising injury", involved the rendering of or failure to render any professional services by that insured.*

*See* **Ex. F**, Form SS 05 06 03 14, p. 129

    41.    The Policy includes the following language in the Business Liability Coverage Part under Section C – Who Is An Insured, paragraph 6, which provides, in part, as follows:

> **6. Additional Insureds When Required By Written Contract, Written Agreement Or Permit**
> *The person(s) or organization(s) identified in Paragraphs **a.** through **f.** below are additional insureds when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement, or the issuance of the permit.*

> *A person or organization is an additional insured under this provision only for that period of time required by the contract, agreement or permit.*

> ***

> **f.** *Any Other Party*
>> **(1)** *Any other person or organization who is not an insured under Paragraphs a. through e. above, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:*

>> **(a)** *In the performance of your ongoing operations;*

> ***

>> **(c)** *In connection with "your work" and included within the "products-completed operations hazard", but only if*

> *(i) The written contract or written agreement requires you to provide such coverage to such additional insured; and*
> *(ii) This Coverage Part provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard".*

*See* **Ex. F**, p. 69-70

> *(2)[1] The insurance afforded by paragraph (1) above does not apply if the additional insured's acts or omissions, or the acts or omissions of those acting on additional insured's behalf, that are alleged to have caused the "bodily injury", "property damage" or "personal and advertising injury", involve professional architectural, engineering or surveying services, including but not limited to:*

>> *(a) The preparing, approving or failure to prepare or approve, maps, shop drawings, opinions, recommendations, reports, surveys, field orders, change orders, designs or drawings and specifications, or*

>> *(b) Supervisory, inspection, quality control, architectural or engineering activities.*

> *This limitation applies even if the claims against the additional insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the additional insured.*

***

*See* **Ex. F**, p. 132

***Umbrella Liability Coverage Part***

42.     Subject to all of its terms, the Umbrella Liability Coverage Part of the Policy provides Umbrella Liability Insurance as follows:

> ***SECTION I - COVERAGES***
> ***INSURING AGREEMENTS***

> **A.**     ***Umbrella Liability Insurance***

>> **1.**     *We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by*

---

[1] As modified by Endorsement Form SS 41 75 09 15.

> *an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV – LIMITS OF INSURANCE.***
> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – INVESTIGATION, DEFENSE SETTLEMENT.***
>
> **2.** *This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:*
>> ***a.*** *The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period"[…]*

***

*See* **Ex. F**, Umbrella Liability Provisions, p. 180

43. The Umbrella Liability Coverage Part states as follows, in part, in SECTION VII –

DEFINITIONS:

> ***SECTION VII - DEFINITIONS***
> ***Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.***
>
> ***A.*** ***"Accident"*** *includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".*

***

> ***D.*** ***"Damages"*** *means a monetary award, monetary settlement or monetary judgment. The following are not considered "damages" and are not covered by this policy;*
>> **1.** *Fines, penalties, sanctions or taxes;*
>> **2.** *Attorney's fees and costs associated with any non-monetary relief awarded against the "insured" or;*
>> **3.** *Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.[2]*

***

> ***F.*** ***"Occurrence"*** *means*
>> **1.** *With respect to "bodily injury" or "property damage": an accident, including continuous or repeated exposure to substantially the same general harmful conditions, and*

---

[2] As modified by form SX 02 04 01 18

**2.** *With respect to "personal and advertising injury": an offense described in one of the numbered subdivisions of that definition in the "underlying insurance".*

\*\*\*

**H.** **"Self-insured retention"** *means the amount stated as such in the Declarations which is retained and payable by the "insured" with respect to each "occurrence".*

**I.** **"Underlying Insurance"** *means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof which provide the underlying coverages and limits stated in the Schedule of Underlying Insurance Policies…*

*See* **Ex. F**, Umbrella Liability Provisions, p. 191-192

44.     The Umbrella Liability Coverage Part states as follows, in part, in SECTION III –

WHO IS AN INSURED:

**SECTION III - WHO IS AN INSURED**

\*\*\*

**B.** *Each of the following is also an "insured":*

\*\*\*

**2.** *Any person or organization with whom you agreed, because of a written contract, written agreement or because of a permit issued by a state or political subdivision, to provide insurance such as is afforded under this policy, but only with respect to your operations, "your work" or facilities owned or used by you.*

*This provision does not apply:*
\*\*\*
*b.     Unless the limits of liability specified in such written contract, written agreement or permit are greater than the limits of liability provided by the "underlying insurance".*

*c.     Beyond the period of time required by the written contract, written agreement or permit.*

*See* **Ex. F**, Umbrella Liability Provisions, p. 185-186

45.     The Umbrella Liability Coverage Part contains the following exclusion, in part:

**B.** **Exclusions**

*This policy does not apply to:*

\*\*\*

**14.** **Expected or Intended**

*"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".*

*See* **Ex. F**, Umbrella Liability Provisions, p. 183

46. The Umbrella Liability Coverage Part is modified by the ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY exclusion, Form SX 21 13 03 14, which states as follows, in part:

*1. The following exclusion is added to B., Exclusions (SECTION I – COVERAGES):*

*This policy does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:*

*a. Any "insured"; or*

*b. Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.*

*2. Professional services includes but is not limited to:*

*a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, recommendations, reports, surveys, field orders, change orders, designs or drawings and specifications; and*

*b. Supervisory, inspection, quality control, architectural or engineering activities.*

*3. This exclusion applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "occurrence" which caused the "bodily injury", "property damage" or "personal and advertising injury", involved the rendering of or failure to render any professional services by that insured.*

*See* **Ex. F**, Umbrella Liability Provisions, Endorsement Form SX 21 13 03 14, p. 200

## COUNT I
### (Business Liability Coverage Part)
### The Underlying DJ Action Fails to Allege "Bodily Injury" or "Property Damage" Caused by an "Occurrence", or a "Personal and Advertising Injury"

47.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 46 above as if fully set forth herein.

48.     The Business Liability Coverage Part of the Policy provides certain defined coverage for sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence", or "personal and advertising injury" to which the Policy applies.

49.     Under the Business Liability Coverage Part of the Policy, Sentinel only has a duty to defend the insured "against any 'suit' seeking damages because of 'bodily injury', 'property damage' or 'personal and advertising injury'" to which the Policy applies.

50.     The Underlying DJ Action does not contain any allegations of "bodily injury" or "property damage" caused by an "occurrence", nor does it allege a "personal and advertising injury" as those terms are defined in the Policy.

51.     As such, there is no coverage for TERRA regarding the Underlying DJ Action under the Business Liability Coverage Part of the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify TERRA under the Business Liability Coverage Part of the Policy in connection with the Underlying DJ Action; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT II
### (Business Liability Coverage Part)
### "Occurrence" and Expected or Intended Injury Exclusion

52. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 51 above as if fully set forth herein.

53. The Business Liability Coverage Part of the Policy only covers "bodily injury" or "property damage" caused by an accident that is neither expected nor intended from the standpoint of the insured.

54. The Underlying Lawsuit alleges that the PARK DISTRICT acted willfully and wantonly and in conscious disregard for the safety of sledders using the Sled Hill at Barrie Park.

55. As such, there is no coverage because any such injury was not caused by an "occurrence" as defined by the Policy.

56. Further, coverage is excluded by the expected or intended injury exclusion of the Policy and there is no coverage for the PARK DISTRICT in connection with the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A. A declaration finding that Sentinel owes no duty to defend or indemnify the PARK DISTRICT under the Business Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT III
### (Business Liability Coverage Part)
### Professional Services Exclusion

57.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 56 above as if fully set forth herein.

58.     The Business Liability Coverage Part of the Policy contains **Exclusion j. Professional Services**, which excludes coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service, including preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications and supervisory, inspection, architectural or engineering activities.

59.     TERRA is a full-service engineering firm that also offers landscape architecture and land surveying services.

60.     The Underlying Lawsuit alleges that TERRA inspected Barrie Park and prepared design and schematic drawings for the Barrie Park Sled Hill and the Fence on the east side of the Sled Hill and supervised the construction and installation of the Fence.

61.     The Underlying Lawsuit alleges that TERRA agreed to furnish professional services at Barrie Park, which is the area of the accident at issue in the Underlying Lawsuit.

62.     The allegations against TERRA in the Underlying Lawsuit all arise out of TERRA's rendering of or failure to render professional services.

63.     As such, there is no coverage for TERRA in connection with the Underlying Lawsuit under the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.       A declaration finding that Sentinel owes no duty to defend or indemnify TERRA under the Business Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.       For all such just and equitable relief, including costs of this suit.

**COUNT IV**
**(Business Liability Coverage Part)**
**Engineers, Architects Or Surveyors Professional Liability Exclusion**

64.       Plaintiff incorporates and restates the allegations of Paragraphs 1 through 63 above as if fully set forth herein.

65.       The Business Liability Coverage Part of the Policy is modified by the following exclusionary endorsement Form SS 05 06 03 14, **ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY**, which excludes coverage for "'bodily injury', 'property damage' or 'personal and advertising injury' arising out of the rendering of or the failure to render any professional services by: Any 'insured'; or Any engineering, architectural or surveying firm that is performing work on [the insured's] behalf in such capacity."

66.       Under this exclusion, "[p]rofessional services includes but is not limited to…preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, recommendations, reports, surveys, field orders, change orders, designs or drawings and specifications; and Supervisory, inspection, quality control, architectural or engineering activities."

67.       This exclusion applies "even if the claims against any 'insured' allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that 'insured', if the 'occurrence' which caused the 'bodily injury', 'property damage' or 'personal

and advertising injury' involved the rendering of or failure to render any professional services by that insured."

68.     TERRA is a full-service engineering firm that also offers landscape architecture and land surveying services.

69.     The allegations in the Underlying Lawsuit arise out of TERRA's alleged rendering of or failure to render professional services on behalf of the PARK DISTRICT.

70.     Therefore, coverage is excluded for TERRA and the PARK DISTRICT in connection with the Underlying Lawsuit under the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify TERRA or the PARK DISTRICT under the Business Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.     For all such just and equitable relief, including costs of this suit.

<u>**COUNT V**</u>
**(Business Liability Coverage Part)**
**Additional Insured – No Coverage for Additional Insureds After the Period of Time Required by the Agreement**

71.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 70 above as if fully set forth herein.

72.     The Policy includes the following language in the Business Liability Coverage Form under Section C – Who Is An Insured, paragraph 6, which provides, in part, as follows:

*6. Additional Insureds When Required By Written Contract, Written Agreement Or Permit*

*The person(s) or organization(s) identified in Paragraphs a. through f. below are additional insureds when you have agreed, in a written contract, written agreement or*

*because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement, or the issuance of the permit.*

***A person or organization is an additional insured under this provision only for that period of time required by the contract, agreement or permit.***

*(emphasis added) See* **Ex. F**.

73.     The Agreement states that it terminates on the "Project Completion Date", which is December 31, 2023.

74.     The Underlying Lawsuit alleges that the incident occurred on January 21, 2024.

75.     TERRA had no obligation to procure coverage for the PARK DISTRICT on the date of loss under the Agreement.

76.     Accordingly, the PARK DISTRICT did not qualify as an additional insured under the Business Liability Coverage Part at the time the loss alleged in the Underlying Lawsuit occurred.

77.     Therefore, there is no coverage for the PARK DISTRICT in connection with the Underlying Lawsuit under the Business Liability Coverage Part of the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify the PARK DISTRICT under the Business Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT VI
### (Business Liability Coverage Part)
### Additional Insured – No Coverage for Additional Insured's Acts or Omissions

78.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 77 above as if fully set forth herein.

79.     Subject to all its terms, including its exclusions, the Business Liability Coverage Part provides additional insured coverage, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by the Named Insured's acts or omissions or the acts or omissions of those acting on the Named Insured's behalf.

80.     TERRA is the only Named Insured under the Policy.

81.     The allegations against the PARK DISTRICT in Count I of the Underlying Lawsuit arise solely out of the PARK DISTRICT's alleged willful and wanton acts and/or omissions.

82.     The Underlying Lawsuit does not allege that the PARK DISTRICT acted on TERRA's behalf.

83.     As such, the PARK DISTRICT is not an additional insured under the Policy with respect to any liability alleged against it for "bodily injury", "property damage" or "personal and advertising injury" caused by the PARK DISTRICT's own acts or omissions.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend or indemnify the PARK DISTRICT under the Business Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT VII**
**(Business Liability Coverage Part)**
**Additional Insured - Professional Services Exclusion**

84.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 83 above as if fully set forth herein.

85.     Subject to all its terms, including its exclusions, the Business Liability Coverage Part provides additional insured coverage, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by the Named Insured's acts or omissions or the acts or omissions of those acting on the Named Insured's behalf.

86.     Moreover, the following exclusion applies to preclude coverage for an additional insured:

> (2) *With respect to the insurance afforded to these additional insureds, the following additional exclusion applies:*
> *This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by or for you, including:*
>> (a) *The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications; or*
>> (b) *Supervisory, inspection, architectural or engineering activities.*

*See* **Ex. F**.

87.     TERRA is a full-service engineering firm that also offers landscape architecture and land surveying services.

88.     Under the Agreement, TERRA agreed to furnish professional services at Barrie Park, which is the area of the accident at issue in the Underlying Lawsuit.

89.     Services under the Agreement were solely professional in nature.

90.     The allegations in the Underlying Lawsuit arise out of TERRA's alleged rendering of or failure to render such services for the PARK DISTRICT under the Agreement.

91.     As such, even if PARK DISTRICT qualified as an additional insured under the Policy, which it does not, coverage is excluded under the Policy based on the above-cited exclusion and there is no coverage for the PARK DISTRICT in connection with the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend or indemnify the PARK DISTRICT under the Business Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT VIII**
**(Business Liability and Umbrella Liability Coverage Parts)**
**No Allegations of "Property Damage"**

92.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 91 above as if fully set forth herein.

93.     Subject to all of its terms, the Business Liability Coverage Part provides that Sentinel "will pay those sums that the insured becomes legally obligated to pay as damages because of 'property damage'" to which the Business Liability Coverage Part of the Policy applies.

94.     The Umbrella Liability Coverage Part provides that Sentinel "will pay those sums that the 'insured' becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance' or of the 'self-insured retention' when no 'underlying insurance' applies, because of…'property damage'" to which the Umbrella Liability Coverage Part of the Policy applies.

95.     The Policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property; or [l]oss of use of tangible property that is not

physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

96.     The Underlying Lawsuit does not contain allegations of "property damage" as defined by the Policy.

97.     Thus, Sentinel does not owe any coverage obligations for damages because of "property damage" to TERRA or the PARK DISTRICT in connection with the Underlying Lawsuit under the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify TERRA or the PARK DISTRICT under the Policy in connection with the Underlying Lawsuit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT IX
**(Business Liability and Umbrella Liability Coverage Parts)**
**No Allegations of "Personal and Advertising Injury"**

98.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 97 above as if fully set forth herein.

99.     The Business Liability Coverage Part provides that Sentinel "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury'" to which the Business Liability Coverage Part of the Policy applies.

100.     The Umbrella Liability Coverage Part provides that Sentinel "will pay those sums that the 'insured' becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance' or of the 'self-insured retention' when no 'underlying insurance' applies, because

of…'personal and advertising injury'" to which the Umbrella Liability Coverage Part of the Policy applies.

101.    The Policy defines "personal and advertising injury" to mean "injury, including consequential 'bodily injury' arising out of one or more" of a defined list of offenses.

102.    The Underlying Lawsuit does not contain allegations of "personal and advertising injury" as defined by the Policy, and thus, does not fall within the insuring agreement for "personal and advertising injury".

103.    As such, Sentinel does not owe any coverage obligations for damages because of "personal and advertising injury" to TERRA or the PARK DISTRICT in connection with the Underlying Lawsuit under the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.    A declaration finding that Sentinel owes no duty to defend or indemnify TERRA or the PARK DISTRICT under the Policy in connection with the Underlying Lawsuit; and

B.    For all such just and equitable relief, including costs of this suit.

## COUNT X
### (Business Liability Coverage Part)
### Breach of Notice Condition

104.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 103 above as if fully set forth herein.

105.    The Business Liability Coverage Part requires that TERRA or any additional insured must notify Sentinel "as soon as practicable" if a "claim is made or 'suit' is brought against any insured."

106.    The Business Liability Coverage Part also requires that TERRA or any additional insured must notify Sentinel "as soon as practicable" of an 'occurrence' or an offense which may result in a claim."

107.    On September 30, 2024, the PARK DISTRICT sent a letter to TERRA informing it that the Underlying Lawsuit was filed against the PARK DISTRICT.

108.    On February 19, 2025, TERRA was served with the First Amended Complaint filed in the Underlying Lawsuit.

109.    Sentinel did not receive any notice of the Underlying Lawsuit from TERRA until August 4, 2025.

110.    TERRA failed to provide notice "as soon as practicable" when it provided notice over 10 months after first learning about the Underlying Lawsuit.

111.    By failing to provide notice "as soon as practicable," TERRA breached the Notice Condition of the Business Liability Coverage Part of the Policy.

112.    As such, there is no coverage for TERRA in connection with the Underlying Lawsuit under the Business Liability Coverage Part of the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.    A declaration finding that Sentinel owes no duty to defend or indemnify TERRA under the Business Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.    For all such just and equitable relief, including costs of this suit.

**COUNT XI**
**(Umbrella Liability Coverage Part)**
**Additional Insured – No Coverage After the Period of Time Required by the Agreement**

113.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 112 above as if fully set forth herein.

114.     The Umbrella Liability Coverage Part of the Policy includes the following language in the Umbrella Liability Provisions under Section III – Who Is An Insured, paragraph B, which provides, in part, as follows:

> **B.      *Each of the following is also an "insured":***
>
> ***
>
> 2.      *Any person or organization with whom you agreed, because of a written contract, written agreement or because of a permit issued by a state or political subdivision, to provide insurance such as is afforded under this policy, but only with respect to your operations, "your work" or facilities owned or used by you.*
>
> *This provision does not apply:*
>
> ***
>
> c.      *Beyond the period of time required by the written contract, written agreement or permit.*

*See* **Ex. F**.

115.     The Agreement states that it terminates on the "Project Completion Date", which is December 31, 2023.

116.     The Underlying Lawsuit alleges that the incident occurred on January 21, 2024.

117.     TERRA had no obligation to procure coverage for the PARK DISTRICT on the date of loss under the Agreement.

118.     Accordingly, the PARK DISTRICT did not qualify as an "insured" under the Umbrella Liability Coverage Part of the Policy at the time the loss alleged in the Underlying Lawsuit occurred.

119.     Therefore, there is no coverage for the PARK DISTRICT in connection with the Underlying Lawsuit under the Umbrella Liability Coverage Part of the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify the PARK DISTRICT under the Umbrella Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT XII
### (Umbrella Liability Coverage Part)
### Additional Insured – No Coverage Due to Limits of Liability Required Under the Agreement

120.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 119 above as if fully set forth herein.

121.     The Umbrella Liability Coverage Part of the Policy includes the following language in the Umbrella Liability Provisions under Section III – Who Is An Insured, paragraph B, which provides, in part, as follows:

*B.*     *Each of the following is also an "insured":*

*\*\*\**

*2.*     *Any person or organization with whom you agreed, because of a written contract, written agreement or because of a permit issued by a state or political subdivision, to provide insurance such as is afforded under this*

> *policy, but only with respect to your operations, "your work" or facilities owned or used by you.*
>
> *This provision does not apply:*
>
> ***
>
> b.     *Unless the limits of liability specified in such written contract, written agreement or permit are greater than the limits of liability provided by the "underlying insurance".*

See **Ex. F**.

122.     Article 5. Insurance, §5.3(a) of the Agreement requires that the Commercial General Liability policy TERRA procures has a $1,000,000 combined single limit per occurrence and a $2,000,000 Minimum General Aggregate.

123.     The Policy has a $1,000,000 combined single limit per occurrence and a $2,000,000 General Aggregate, and is therefore equal to the limits of liability specified in the Agreement.

124.     The PARK DISTRICT is therefore not an insured under the Umbrella Liability Coverage Part of the Policy.

125.     As such, there is no coverage for the PARK DISTRICT under the Umbrella Liability Coverage Part of the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify the PARK DISTRICT under the Umbrella Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT XIII
### (Umbrella Liability Coverage Part)
### Lack of Policy Exhaustion

126.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 125 above as if fully set forth herein.

127.    Subject to all of its terms, the Umbrella Liability Coverage Part states that Sentinel will pay "for sums that the 'insured' becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance' or of the 'self-insured retention' when no 'underlying insurance' applies, because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies caused by an 'occurrence'."

128.    The underlying limits have not been exhausted.

129.    Upon information and belief, the 'self-insured retention' has not been exhausted.

130.    As such, the Umbrella Liability Coverage Part does not provide coverage for the Underlying Lawsuit.

131.    Thus, Sentinel does not owe any coverage obligations to TERRA or the PARK DISTRICT in connection with the Underlying Lawsuit under the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.    A declaration finding that Sentinel owes no duty to defend or indemnify TERRA or the PARK DISTRICT under the Umbrella Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.    For all such just and equitable relief, including costs of this suit.

## COUNT XIV
### (Umbrella Liability Coverage Part)
### Expected or Intended Exclusion

132.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 131 above as if fully set forth herein.

133.    The Umbrella Liability Coverage Part of the Policy excludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

134.    The Underlying Lawsuit alleges that the PARK DISTRICT acted willfully and wantonly and in conscious disregard for the safety of sledders using the Sled Hill at Barrie Park.

135.    As such, to the extent that the PARK DISTRICT is an insured under the Policy, which it is not, coverage is excluded under the Umbrella Liability Coverage Part, and there is no coverage for the PARK DISTRICT in connection with the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend or indemnify the PARK DISTRICT under the Umbrella Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT XV
### (Umbrella Liability Coverage Part)
### Engineers, Architects or Surveyors Professional Liability Exclusion

136.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 135 above as if fully set forth herein.

137.    The Umbrella Liability Coverage Part of the Policy is modified by endorsement Form SX 21 13 03 14, which excludes coverage for "'bodily injury', 'property damage' or

'personal and advertising injury' arising out of the rendering of or the failure to render any professional services by: Any 'insured'; or Any engineering, architectural or surveying firm that is performing work on [the insured's] behalf in such capacity."

138. Under this exclusion, "[p]rofessional services includes but is not limited to…preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, recommendations, reports, surveys, field orders, change orders, designs or drawings and specifications; and Supervisory, inspection, quality control, architectural or engineering activities."

139. This exclusion applies "even if the claims against any 'insured' allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that 'insured', if the 'occurrence' which caused the 'bodily injury', 'property damage' or 'personal and advertising injury', involved the rendering of or failure to render any professional services by that insured."

140. The allegations in the Underlying Lawsuit arise out of TERRA and the PARK DISTRICT's alleged rendering of or the failure to render professional services.

141. Therefore, coverage is excluded for TERRA and the PARK DISTRICT in connection with the Underlying Lawsuit under the Umbrella Liability Coverage Part of the Policy.

**WHEREFORE**, Plaintiff Sentinel respectfully requests that the Court enter the following relief:

A. A declaration finding that Sentinel owes no duty to defend or indemnify TERRA or the PARK DISTRICT under the Umbrella Liability Coverage Part of the Policy in connection with the Underlying Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

Wilson Elser Moskowitz Edelman & Dicker, LLC

/s/ Michael J. Duffy
**One of the Attorneys for Plaintiff
Sentinel Insurance Company,
Limited**

Michael J. Duffy – 619666
Joanna C. Kocol
Wilson Elser Moskowitz Edelman & Dicker, LLP
161 North Clark Street-Suite 4500
Chicago, IL 60601
(312) 704-0550 (Main)
Michael.duffy@wilsonelser.com
Joanna.Kocol@wilsonelser.com