**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SENTINEL INSURANCE COMPANY LIMITED,<br><br>Plaintiff,<br>v.<br><br>TERRA ENGINEERING, LTD., et al.,<br><br>Defendants. | Case No. 26 CV 2242<br><br>Honorable Sunil R. Harjani |

# MEMORANDUM OPINION AND ORDER

Sentinel Insurance Company brought this declaratory judgment action seeking to establish whether it has a duty to defend and indemnify Terra Engineering and the Park District of Oak Park in an underlying tort suit in state court. Defendants[1] now ask to dismiss or stay the case in favor of a separate state action under the *Wilton/Brillhart* doctrine. Though the state and federal cases are not perfectly parallel, the Court agrees that these issues should be resolved in state court. Accordingly, the Court grants Defendants' motion and stays Sentinel's claims about its duty to defend, and its duty to indemnify claims are dismissed without prejudice.

## Background

This case arises out of an underlying tort action in state court. Kelly Simos was allegedly injured while sledding at a park managed by the Park District. [1-3] at 1, 6. She brought tort claims against the Park District and against Terra Engineering because Terra allegedly provided landscape architecture and engineering services at the park. *Id.* 1–9, 16–22.[2] The Park District, in turn, sued Terra Engineering in a state declaratory action. [20]. There, the Park District contends that, under their contract, Terra has a duty to defend the Park District and provide insurance coverage. *Id.* ¶¶ 1–14.

Sentinel is Terra's insurer. [1] ¶ 34. It brought this declaratory judgment action to establish whether it has a duty to defend and indemnify either the Park District or Terra in the underlying tort action. It also seeks to clarify its duties to

---

[1] By "Defendants," the Court refers to Terra Engineering and the Park District of Oak Park. Defendant Kelly Simos brought the underlying tort action that gives rise to this insurance dispute and is named only as a nominal defendant. [1] ¶ 4.

[2] Simos also sued other entities, but they are not involved in this federal case.

Terra in the state declaratory case. The Park District later amended that state complaint to add Sentinel as a defendant, arguing that Sentinel does have a duty to defend it against the underlying tort claims. [20] ¶¶ 15–28.[3]

## Discussion

Now, the Park District and Terra ask the Court to dismiss or stay this case because of the related state court proceedings. Under the *Wilton/Brillhart* abstention doctrine, district courts have "significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009). This discretion stems from the Declaratory Judgment Act itself, as the federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). The "classic example" of where such abstention is proper occurs when the federal action seeks only declaratory relief and parallel proceedings are ongoing in state court. *Envision Healthcare*, 604 F.3d at 986.

Sentinel argues the Court should retain this case because the state proceedings differ from the issues raised in federal court. "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.* The inquiry does not focus on whether the suits are "formally symmetrical" but rather "whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (discussing the *Colorado River* abstention doctrine). The issues in the state case meaningfully overlap with this one. Both matters address the same legal question of whether Sentinel has a duty to defend the Park District in the underlying tort action, so that aspect of these lawsuits is parallel. *Envision Healthcare*, 604 F.3d at 987. However, Sentinel brings claims to demonstrate that it also lacks a duty to defend Terra in this federal action, so the two cases differ in this key respect. No state proceeding currently exists between Sentinel and Terra. Thus, the state declaratory action will not dispose of those claims, and the proceedings are not entirely parallel.

However, *Wilton/Brillhart* abstention may apply even without a parallel state proceeding. A related case is neither necessary nor sufficient for the Court to dismiss or stay a declaratory judgment action. *Medical Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010). But when a related action is pending, "concerns about comity, the efficient allocation of judicial resources, and fairness to the parties come into play." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). Overall, the

---

[3] The Park District also sues Sentinel for breach of contract and statutory bad faith. But those claims are based on whether Sentinel has a duty to defend the Park District, so the Court focuses on that duty-to-defend claim.

Court should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). In deciding whether to abstain, the Court considers (1) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding; (2) whether the parties to the two actions are identical; (3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation; and (4) whether comparable relief is available in another forum or at another time. *Zavalis*, 52 F.3d at 692.

Addressing these factors in order, the federal case presents distinct legal issues, namely whether Sentinel has a duty to defend Terra. However, Sentinel's duty to both Defendants rests on the same foundational facts and contracts. This is because Terra is the conduit for any relationship between the Park District and Sentinel. The Park District invokes coverage from Sentinel because of its contract with Terra and because Sentinel is Terra's insurer. So any coverage due to the Park District is premised on the coverage that Sentinel provides to Terra. Thus, Sentinel's responsibility to the two Defendants is interrelated, even if legally distinct.

The counts in Sentinel's Complaint underscore this conclusion. While Sentinel brings three of its declaratory judgment counts against Terra alone, it brings five counts against both the Park District and Terra, arguing that certain provisions of its insurance policy establish that it has no duty to defend either party. So for those counts, the analysis for both Defendants will rise and fall together. This means that even the unique part of this case, whether Sentinel has a duty to Terra, still mirrors the issues central to the state court proceeding. Admittedly, the Court does not know all the facts regarding the underlying tort action or the parties' contracts. But given the parties' relationship and the single insurance policy at stake, the state declaratory action will likely address the facts needed to analyze Sentinel's duty to Terra. Therefore, while the federal action raises a distinct legal question, the cases involve the same issues. The meaningful overlap between the state and federal proceedings supports abstention.

Factors two and three weigh strongly in favor of abstention. The two suits involve the same parties. And, as described above, if the Court proceeds with this declaratory action, it will duplicate substantial portions of the state case. The counts against the Park District are an exact copy of the legal question before the state court, and that proceeding will likely address the analysis needed to resolve Sentinel's duty to Terra. Moreover, the Park District's claim against Terra in state court centers on their contract, and that contract may be relevant to deciding whether Sentinel has a duty to defend the Park District. *See Pekin Ins. Co. v. Centex Homes*, 2017 IL App (1st) 153601, ¶ 35 ("[W]e have recognized that it may be appropriate to consider the written agreements between the named insured and the additional insured in determining whether the insurer has a duty to defend an additional insured."). So,

retaining this case would create piecemeal litigation about the same underlying tort claim, the same contract for services, and the same insurance policy.

As for the fourth factor, Sentinel can pursue comparable relief in the state forum. In fact, it acknowledges that it could bring its declaratory claims against Terra in the pending state case. *See also Ironshore Indem., Inc. v. Synergy Law Grp., LLC*, 926 F. Supp. 2d 1005, 1013 (N.D. Ill. 2013) (plaintiff can bring claim against defendants under Illinois Declaratory Judgment Act in state court proceeding); *Cincinnati Ins. Co. v. Soc'y Ins.*, 2015 WL 1058649, at *7 (C.D. Ill. Mar. 5, 2015) (plaintiff can seek the same relief it asks for in federal court in the state forum). While these proceedings are not currently pending, state court can provide Sentinel with the "opportunity for ventilation of the same state law issues" as it presents here. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).

Taken together, these factors support abstention in this case. The state and federal cases both center on the same underlying tort lawsuit and the same insurance policy. If this Court were to proceed with the present case, it would examine the same evidence and policy as the state court, wasting judicial resources and impinging on the state court litigation. For these reasons, the issues in this case "can be better settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495.

Beyond these factors, Sentinel contends that this Court should retain the case to avoid state court bias for local parties. But the *Wilton/Brillhart* doctrine weighs that concern against principles of judicial economy and comity. Hence, despite having diversity jurisdiction, the Court has discretion to dismiss or stay a case in favor of an ongoing state proceeding. *Envision Healthcare*, 604 F.3d at 986. Further, the matter only concerns Illinois law, and "[t]he state court's greater familiarity with its own law" counsels in favor of allowing the case to proceed in state court. *A.G. Edwards & Sons, Inc. v. Pub. Bldg. Comm'n of St. Claire County*, 921 F.2d 118, 121 (7th Cir. 1990).

In addition to bias, Sentinel argues it filed this case before the Park District amended its state complaint to add it as a defendant.[4] But the Seventh Circuit does not rigidly adhere to such a first-to-file rule. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). Timing does not factor into the analysis for the *Wilton/Brillhart* doctrine, especially where, as here, the Park District's amended complaint was filed only six days after Sentinel filed its federal action. *See Grinnell Mut. Reinsurance Co. v. Edlin*, 2023 WL 6879828, at *4 (C.D. Ill. Oct. 18, 2023) (abstaining under the *Wilton/Brillhart* doctrine even though the state case was filed after the federal action); *AGL Servs. Co. v. EcoFurn LLC*, 2024 WL 3888865, at *3 (N.D. Ill. Aug. 21, 2024) ("*Wilton-Brillhart* abstention does not turn

[4] Sentinel and the Park District fiercely contest which party sought to file or amend its claims first. The Court need not resolve or even examine this debate for the reasons discussed.

on the sequence of suits filed in different fora, but rather their symmetry."). Therefore, Sentinel's remaining arguments about bias and timing are unavailing.

For the above reasons, the Court abstains from the claims regarding whether Sentinel has a duty to defend either the Park District or Terra. But, since the state court proceeding does not currently address the relationship between Sentinel and Terra, the Court chooses to stay, rather than dismiss, Sentinel's duty-to-defend claims pending the resolution of the state proceedings. *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851–52 (7th Cir. 2002) (a federal court should stay rather than dismiss a case so it retains jurisdiction); *Wilton*, 515 U.S. at 288 n.2. The Court strongly recommends that Sentinel pursue its claims against Terra in that state case, which will consolidate the issues and ensure that one court examines all parties' related claims and defenses.

Finally, the Court dismisses Sentinel's claims regarding its duty to indemnify. Such claims are not ripe for adjudication until the underlying tort action is resolved. *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established."); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 127 (1992) (the duty-to-indemnify question is only ripe once the insured has incurred liability). Here, the tort action about the sledding accident is ongoing, meaning liability has not been established for either the Park District or Terra. In such cases, declaratory actions to resolve an insurer's duty to indemnify should be dismissed. *Zavalis*, 52 F.3d at 693 ("[T]he district court was correct to dismiss without prejudice the declaratory judgment action insofar as it sought a determination of the company's duty to indemnify."); *Hellman*, 610 F.3d at 375 (the proper disposition of a duty-to-indemnify claim would be dismissal). Accordingly, Sentinel's claims regarding its duty to indemnify either Defendant are dismissed without prejudice.

## Conclusion

For the reasons explained above, Defendants' motion to dismiss or stay [18] is granted. The Court stays Sentinel's claims regarding its duty to defend the Park District and Terra pending the resolution of the state court matter *Park District of Oak Park v. Terra Engineering, Ltd., et al.*, No. 2025CH08302 (Cook County Cir. Ct.). It dismisses Sentinel's claims about its duty to indemnify either Defendant. The parties are ordered to file a joint status report by December 7, 2026, to update the Court on the state court proceedings, including whether Sentinel has filed any claims against Terra Engineering.

**SO ORDERED.**

Dated: November 4, 2026

Sunil R. Harjani
United States District Judge